NO. 07-05-0255-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FEBRUARY 23, 2006

_____

SHETAGA D. JOHNSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-408106; HONORABLE CECIL G. PURYEAR, JUDGE

_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, appellant Shetaga D. Johnson was convicted by a jury of possession of cocaine with intent to deliver. Punishment was assessed at 45 years

confinement. In presenting this appeal, counsel has filed an *Anders*[1] brief in support of a motion to withdraw. We grant counsel's motion and affirm.

In support of her motion to withdraw, counsel certifies she has diligently reviewed the record and, in her opinion, the record reflects no reversible error upon which an appeal can be predicated. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.--San Antonio 1984, no pet.). Thus, she concludes the appeal is frivolous. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. Counsel has also shown she sent a copy of the brief to appellant and informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that she notified appellant of her right to review the record and file a *pro se* response if she desired to do so. Appellant did not file a response. Neither did the State favor us with a brief.

Pursuant to a tip that appellant was selling narcotics from her residence, law enforcement officers, assisted by a confidential informant, arranged four different buy/walk operations over a three week period.[2] The transactions were recorded by an audio transmitter worn by the informant, and visual surveillance was conducted by officers. After

---

[1]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[2]According to a police officer, a buy/walk transaction involves the use of an informant or undercover officer to purchase narcotics from a street-level dealer.

the fourth buy, a search warrant was obtained and executed. Cocaine and other evidence indicating intent to deliver cocaine was discovered.

By the *Anders* brief, counsel presents two arguable points of error, to-wit: (1) the trial court erred in admitting evidence of extraneous offenses, and (2) trial counsel provided ineffective assistance of counsel. After discussing the potential grounds, counsel concedes no reversible error is presented.

At a pretrial hearing, Officer Darrin Opaitz, Corporal Joe Neinest, and a confidential informant testified about four buys made by the informant from appellant's residence prior to execution of the search warrant. The evidence established that on one occasion, a juvenile sold the informant narcotics and that another female, Mary Baker, was also present during the transactions. However, the evidence also showed that all transactions were completed at appellant's residence while she was present and at her direction.

The State requested admission of the extraneous offenses to show appellant's knowledge, intent, identity, and common scheme or plan. *See* Tex. R. Evid. 404(b). Defense counsel objected that the extraneous offenses constituted separate offenses that were irrelevant to the charged offense. He requested that the trial court exclude them under Rule 403 of the Texas Rules of Evidence. Despite counsel's objections, the trial court found that the danger of unfair prejudice of the extraneous offenses did not substantially outweigh the probative value and admitted them.

A trial court's evidentiary rulings are reviewed for abuse of discretion. Martin v. State, 173 S.W.3d 463, 467 (Tex.Cr.App. 2005) ( citing Sauceda v. State, 129 S.W.3d 116, 120 (Tex.Cr.App. 2004)). Rule 404(b) of the Texas Rules of Evidence provides that evidence of other crimes, wrongs, or acts is inadmissible to prove the character of the accused in order to show that he acted in conformity therewith on a particular occasion. Tex. R. Evid. 404(b); Abdnor v. State, 871 S.W.2d 726, 738 (Tex.Cr.App. 1994). The rule further provides however, that evidence of other crimes, wrongs, or acts may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake. Tex. R. Evid. 404(b).

Extraneous offense evidence is admissible if it is relevant to a fact of consequence in the case apart from its tendency to prove conduct in conformity with character and if its probative value is not substantially outweighed by unfair prejudice. *Martin*, 173 S.W.3d at 467. We will uphold a trial court's ruling as long as it is within the zone of reasonable disagreement. Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Cr.App. 1990) (on reh'g).

The relevant criteria in determining whether the prejudice of an extraneous offense outweighs its probative value include:

> (1) how compellingly the extraneous offense evidence serves to make a fact of consequence more or less probable--a factor which is related to the strength of the evidence presented by the proponent to show the defendant in fact committed the extraneous offense;
>
> (2) the potential the other offense evidence has to impress the jury "in some irrational but nevertheless indelible way";

(3) the time the proponent will need to develop the evidence, during which the jury will be distracted from consideration of the indicted offense;

(4) the force of the proponent's need for this evidence to prove a fact of consequence, *i.e.*, does the proponent have other probative evidence available to him to help establish this fact, and is this fact related to an issue in dispute.

Wyatt v. State, 23 S.W.3d 18, 26 (Tex.Cr.App. 2000).

Officer Opaitz testified that to obtain a search warrant based on a tip, it is sometimes necessary to conduct an investigation and build a case. The use of an informant or an undercover officer in making controlled buys accomplishes that objective. The fact that four extraneous transactions were introduced assisted the State as the proponent of the evidence to prove a fact of consequence–appellant was directing the sale of cocaine even though one sale was completed by a juvenile, and another adult female was involved in some of the transactions.

The State dedicated a significant amount of time to developing evidence of the extraneous offenses; however, the offenses were not distracting to the jury. The evidence assisted the jury in establishing appellant's motive, intent, preparation, plan, and knowledge in distributing cocaine. "An offense is not tried in a vacuum," and a jury is entitled to know all relevant surrounding facts and circumstances of the charged offense. *Id*. at 25 (citing Moreno v. State, 721 S.W.2d 295, 301 (Tex.Cr.App. 1986)). Additionally, same transaction contextual evidence may be admissible where several offense are so intertwined or

connected that they "form an indivisible criminal transaction . . . ."  Rogers v. State, 853 S.W.2d 29, 33 (Tex.Cr.App. 1993).

Evidence of the four extraneous buys was not introduced to prove appellant's character or that she acted in conformity therewith.  The State was attempting to show that she was a street level dealer in a hierarchy.  We agree with counsel that the trial court's ruling in admitting the extraneous offenses was within the zone of reasonable disagreement and will not disturb its decision.

Counsel's second arguable ground is directed at ineffective assistance of counsel. Ineffectiveness is reviewed under the standard set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  Under *Strickland*, a defendant must establish that (1) counsel's performance was deficient (*i.e.*, fell below an objective standard of reasonableness), and (2) there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different, a reasonable probability being a probability sufficient to undermine confidence in the outcome.  Rylander v. State, 101 S.W.3d 107, 110 (Tex.Cr.App. 2003); *see also* Hernandez v. State, 726 S.W.2d 53, 55 (Tex.Cr.App. 1986).  In other words, appellant must demonstrate by a preponderance of the evidence that the deficient performance prejudiced his defense. Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Cr.App. 2002); Thompson v. State, 9 S.W.3d 808, 813 (Tex.Cr.App. 1999).  Failure to make the required showing of either deficient

performance or sufficient prejudice defeats the ineffectiveness claim. *Thompson*, 9 S.W.3d at 814 (citing *Strickland*, 466 U.S. at 700).

The adequacy of defense counsel's assistance is based upon the totality of the representation rather than by isolated acts or omissions of trial counsel. *Id*. Although the constitutional right to counsel ensures the right to reasonably effective counsel, it does not guarantee errorless counsel whose competency or accuracy of representation is to be judged by hindsight. Ingham v. State, 679 S.W.2d 503, 509 (Tex.Cr.App. 1984); *see also* Ex Parte Kunkle, 852 S.W.2d 499, 505 (Tex.Cr.App. 1993). Appellate review of trial counsel's representation is highly deferential and presumes that counsel's conduct fell within the wide range of reasonable and professional representation. *See* Andrews v. State, 159 S.W.3d 98, 101 (Tex.Cr.App. 2005)*;* Bone v. State, 77 S.W.3d 828, 833 (Tex.Cr.App. 2002). To defeat the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly founded in the record. *Thompson*, 9 S.W.3d at 813-14.

Defense counsel filed numerous pretrial motions which were granted. At the pretrial hearing on admissibility of extraneous offenses, defense counsel conducted effective cross-examination of the witnesses and lodged objections pursuant to Rules 404(b) and 403 of the Texas Rules of Evidence. Counsel also challenged the relevance of the extraneous offenses as being separate transactions unrelated to the elements of the charged offense. During the trial on the merits he vigorously cross-examined the

witnesses, attempted to discredit the confidential informant, and tried to show the narcotics belonged to another female who was present during the buys by the confidential informant. Counsel also made pertinent objections throughout the trial. Based on the record before us, counsel's performance fell within the wide range of reasonable and professional representation defeating any potential claim of ineffectiveness.

We have also made an independent examination of the entire record to determine whether there are any arguable grounds which might support the appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Cr.App. 1991). We have found no such grounds and agree with counsel that the appeal is frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is granted and the trial court's judgment is affirmed.

Don H. Reavis
Justice

Do not publish.